IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OSCAR STILLEY, DOJ-FBOP # 10579-062                    PETITIONER

V.                          CASE # 3:26 CV-145 HTW-LGI



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAR 05 2026

ARTHUR JOHNSTON
BY _____ DEPUTY

R. KEYES, B. WINGFIELD, AND R. CHILDRESS,
EACH IN THEIR OFFICIAL CAPACITIES AS WARDENS,
FCC YAZOO CITY PRISON COMPLEX OR PART
THEREOF, AND MR. TURNER, WARDEN, OR
THEIR SUCCESSORS IN OFFICE                             RESPONDENTS

**PETITIONER'S VERIFIED 2241 PETITION FOR ENFORCEMENT OF TIME
CREDITS UNDER FIRST STEP ACT**

Comes now Petitioner Oscar Stilley (Petitioner, or Stilley) and for his verified

petition for enforcement of time credits under First Step Act and states:

**PARTIES, JURISDICTION, AND VENUE**

1.      Petitioner Oscar Stilley is an inmate at Federal Correctional Complex (FCC)

Yazoo City Camp, in or nearby to Yazoo City, Mississippi.

2.      Petitioner Stilley brings this action pursuant to 28 USC 2241, which amongst

other things grants this Court jurisdiction over inmate claims for unlawful

execution of a sentence of imprisonment, punishment in excess of that authorized

by law, etc.

3.      Venue is proper in this court because Federal Correctional Complex (FCC)

Yazoo City is in the captioned district.

4.      Mr. R. Keyes, Mr. B. Wingfield, and Mr. R. Childress were in the recent past

wardens at FCC Yazoo City. Petitioner Stilley names all three out of an abundance

of precaution. If they are no longer employed in this capacity, their successor(s) will be substituted by operation of law. On information and belief one Mr. Turner is now a warden, but the specifics of his office and authority over Petitioner Stilley are unknown. In this petition the warden(s) will be referred to as "Respondent" whether one or more.

### SUMMARY OF THE CLAIM PRESENTED

5.      Petitioner Stilley took a job at the FCC Yazoo City Unicor Warehouse 5-12-2025, the earliest possible time after arrival at the facility, specifically for the purpose of qualifying for "time credits" pursuant to the First Step Act of 2018 (FSA). Stilley has worked diligently at this employment, performing basic job functions and also working to improve workplace processes and efficiency. This lawsuit is an attempt to enforce the benefit of Petitioner Stilley's bargain. Stilley has by his labor *earned* transfer to home confinement, and seeks to enforce that transfer.

### COUNT 1 – PETITIONER IS BEING WRONGFULLY DENIED THE BENEFIT OF FIRST STEP ACT CREDITS

6.      Petitioner Stilley incorporates all other parts of this complaint into all other parts of the complaint as if set forth therein word for word.

7.      The DOJ-FBOP (Department of Justice-Federal Bureau of Prisons) generally and FCC Yazoo City especially uses its administrative remedy system to try to cheat inmates out of due process, dissuade them from pursuing litigation, etc. This is done on a routine basis.

8.  On information and belief, Petitioner Stilley has exhausted all administrative remedies "available" to him, within the meaning of applicable law.

9.  Many other facts and circumstances would support Petitioner Stilley's claim that he has exhausted all remedies "available" within the meaning of applicable authorities. A full rendition of the pertinent facts would unduly lengthen this pleading. Therefore, Petitioner Stilley submits this petition, reserving the right to provide supplemental facts if Respondent elects to raise lack of exhaustion as a defense.

10.  The government in responding to this motion should keep in mind that it has a current and continuing duty of disclosure under *Brady/Giglio/Napue/Glossip*, that it owes to Stilley prior to raising any defenses, especially any defense of failure to exhaust administrative remedies. See *United States v. Stilley*, OKND 4:09-cr-43, Dkt. 852, a motion to compel such compliance with *Brady, etc.* The government in this case has exceedingly unclean hands. The government should cleanse its hands before continuing on with its criminal obstruction of justice against Stilley. See *United States v. Stilley*, 10th Cir. 24-5133, Dkt. 79, esp. pg. 13-15.

11.  Petitioner Stilley was on or about 11-13-2024 sentenced to 2 years of incarceration based on a theory of "revocation of supervised release."

12.  During this confinement, Stilley was sent first to Tulsa County Jail, then to Cimarron Correctional Facility (Cimarron) in Cushing Oklahoma, then to Green County Jail in Springfield, Missouri (where plain copy paper is considered contraband) then back to Cimarron, then to Tallahatchie County Correctional

3

Facility in Mississippi, then to FCC Yazoo City Camp, which currently holds his custody. This was done despite a respectful request to the sentencing court, for the opportunity to self-report to prison, whether immediately or by a court mandated deadline.

13.    Stilley's legal papers were taken from Stilley and not returned, by Cimarron, he was expelled from the Law Library for two weeks for no lawful reason, then expelled from the Law Library permanently, again for no lawful reason.

14.    Stilley was held in solitary confinement both by Cimarron and by Green County Jail, in both cases because of his efforts to get access to the wherewithal to pursue legal and/or administrative remedies.

15.    Stilley has been sent to SHU (Special Housing Unit, or jail for the prison) at his current place of confinement by his case manager Ms. Ellis, for no lawful reason whatsoever. Stilley refused to eat and was released after 3 days, because at that time it would have become an official hunger strike.

16.    Ms. Ellis repeatedly puts camp inmates into SHU to retaliate for 1st Amendment peaceful petition, to deter inmates from attempting administrative remedies, or for other unlawful reasons.

17.    Ms. Ellis also causes inmates to be shipped to other institutions, for similar lawless reasons. This is especially devastating to inmates who are incarcerated near their family, who are shipped to distant prisons.

18.    Ms. Ellis regularly delays doing essential work, deliberately injects "errors" into paperwork, and uses other dishonest tactics to delay inmates to the point that

4

the administrative remedy process will consume so much time that a meaningful remedy will no longer be available.

19.     Ms. Ellis habitually refuses to give inmates copies of documents related to her supposed efforts to get them to halfway house or home confinement, lest her schemes be exposed. Stilley has requested the documentation related to the efforts to get him to reduced security confinement, but Ms. Ellis has declined to provide it.

20.     Ms. Ellis habitually waits until delay will be prejudicial to the inmate, then presents the inmate with one or more claims of "pending charges," saying that they must procure proof that the charge is resolved. Often she gives the inmate virtually no useful information, not even such basics as the docket number.

21.     Plainly Ms. Ellis has learned that the best way to cheat an inmate out of their lawful liberty is to wait until the administrative process will take more time than the inmate has to release (whether to home or to reduced security confinement) then hit the inmate with claims, however frivolous, to delay the inmate's release.

22.     Petitioner Stilley has worked for Unicor, at a wage not more than 46 cents per hour, starting 5-12-2025, which was immediately after his Admission and Orientation at Yazoo City Prison Camp. Stilley has without controversy maintained full compliance with all requirements for First Step Act (FSA) "time credits."

23.     On 8-18-2025 Ms. Ellis called Stilley to her office and told him she would put him in for home confinement (at his daughter's home) to commence 10-1-2025 or as

5

soon thereafter as practicable. She said she would have recommended 9-1-2025 except that date was so close.

24. On 11-20-2025 Ms. Ellis told Stilley that the Residential Reentry Manager (RRM) had turned down everything, and that she knew the reason but couldn't tell Stilley the reason. Ms. Ellis during that meeting said she would do another submission.

25. Stilley plainly cannot rebut reasons if he does not even know the basic nature of the alleged reason to deny halfway house or home confinement.

26. Stilley procured a new rental because his daughter's house was no longer a suitable arrangement, and gave Ms. Ellis the new address to use with the new application. Ms. Ellis provided Stilley the first calculation of his FSA time credits.

27. On 2-11-2026 Stilley met with Ms. Ellis and Counselor Mr. Henderson in her office. Ms. Ellis gave Stilley a new FSA and Second Chance Act (SCA) assessment, and told Stilley that all his halfway house and home confinement had been turned down. She purported to read from an email from the Residential Reentry Manager (RRM), saying that it was because Stilley had allegedly taken monitoring software off his phone, (one of the charges for Stilley's revocation) and because Stilley would probably sue them if he got access to the wherewithal to prepare competent pleadings. Stilley asked for a copy of the email, but Ms. Ellis refused to provide it, saying that Stilley should pursue administrative remedies.

28. Ms. Ellis during that meeting told Stilley that his only remedy would be to submit a request to convert his home confinement to time off his sentence. Stilley

6

explained that he had a pending 2255 petition, and didn't intend to give anyone an excuse to claim (however frivolously) that his 2255 petition was moot.

29.    On 2-17-2026 Stilley met with Case Manager Coordinator Mr. Anderson, Ms. Ellis, Ms. Rhodes, and Ms. Phillips (by phone) about Stilley's request for reduced security confinement.

30.    Mr. Anderson asked Ms. Ellis when she completed Stilley's Second Chance Act (SCA) five factor review. Ms. Ellis dodged the question. Attached please find the two FSA Time Credit Assessments, the first dated 10-25-2025 (**Exhibit "1"**) and given to Stilley 11-20-2025, the second dated 1-17-2026 (**Exhibit "2"**) and given to Stilley 2-11-2026. All exhibits are incorporated herein as if set forth word for word.

31.    The first assessment has blanks for the information concerning SCA. The second assessment grants Stilley the full year of reduced security confinement pursuant to SCA, with halfway house recommended as of July 23, 2025, and home confinement recommended to begin 1-12-2026.

32.    The refusal to make and provide SCA calculations until it is too late to complete the normal administrative remedy process is a standard-issue tactic of Ms. Ellis, used to cheat inmates out of the reduced security time to which they are by law and DOJ-FBOP policy entitled.

33.    Ms. Ellis uses mind games, threats of retaliation, and actual retaliation, to attempt to dissuade inmates from using legal or administrative processes to vindicate their legal rights.

7

34.    One of Ms. Ellis' favorite tactics is to explode at the inmate saying "ARE YOU THREATENING ME?" even though the inmate has not by word or deed expressed any threat whatsoever. She has followed through on false accusations, with devastating punishments, enough that the inmates know that this is actually a threat *from* her, not against her, and that her threats must be taken seriously.

35.    During the meeting 2-17-2026, Ms. Ellis claimed Stilley was turned down for halfway house based on 1) media contacts and 2) the fact that Stilley was likely to pursue litigation if he had reasonable facilities for such endeavors.

36.    Both of these are 1st Amendment protected activities, not a basis for denying home confinement.

37.    During the meeting 2-17-2026, Ms. Ellis told Mr. Anderson that she had put Stilley in for home confinement on 2-11-2026.

38.    That's totally contrary to what Ms. Ellis told Stilley on 2-11-2026.

39.    Stilley on 2-23-2026 asked his Counselor, Mr. Henderson, to check the status of his home confinement application. Mr. Henderson said that online records showed no pending application.

40.    On that same day, 2-23-2026, Ms. Ellis' open house was announced simultaneously with the call to lunch. In other words, the inmates at the camp were told to choose between food and highly unreliable access to Ms. Ellis.

41.    Ms. Ellis had previously asked Stilley for the sense of the camp inmates, about suitable times for open house. Stilley inquired and learned that everyone

8

hated open house over lunch hour, and everyone wanted regular open house that started at a fixed time and continued until completion.

42. Ms. Ellis objected to the idea that open house should continue until completion. Her custom is to "stiff-arm" inmates that she doesn't want to see, by sending them away, often on a repeated basis. Therefore, Ms. Ellis can easily defeat inmates who miss meals to see her, by her policy of arbitrarily and capriciously deciding who gets to see her and who doesn't.

43. Stilley is virtually destitute, yet is being told that he should get out with somewhere between 3 and 8 months of past due rent, because he is denied reduced security confinement that would allow him to save up enough money to pay for transition to community.

44. As of 3-10-2026, Stilley has *earned* FSA home confinement, according to Ms. Ellis' calculations10-25-25. That's part of the compensation for Stilley's Unicor job, and he is entitled to that compensation just as much as he was entitled to the penurious wages he was given.

45. Ms. Ellis has never explained how the FSA home confinement date was changed from 3-10-2026 to 3-25-2026. Furthermore, even under the new FSA/SCA calculations, Stilley was recommended to home confinement 1-11-2026, on the combined basis of FSA and SCA.

WHEREFORE, Petitioner prays an expedited order commanding that Stilley be immediately transferred to home confinement; and such other and further relief as may be appropriate whether or not specifically prayed.

9

## VERIFICATION

Petitioner by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct to the best of his knowledge and belief.

Respectfully submitted this 2 day of March, 2026.

By:_____

OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194