IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OSCAR STILLEY, #10579-062                                    PETITIONER

v.                                           CIVIL NO. 3:26-cv-145-HTW-LGI

WARDEN R. KEYES, WARDEN B. WINGFIELD,
WARDEN R. CHILDRESS, AND WARDEN
UNKNOWN TURNER                                              RESPONDENTS

<u>ORDER OF DISMISSAL</u>

This case is before the Court sua sponte.  Pro se Petitioner Oscar Stilley brings this

Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  The Court dismisses this case

without prejudice.

I.      Background

Stilley ("Petitioner") is serving a federal sentence at the Federal Correctional Complex in

Yazoo City, Mississippi.  Petitioner argues that he has "earned" prerelease custody under the

First Step Act and the Second Chance Act, but he was "turned down for halfway house

placement" based on First Amendment "protected activities."  Pet. [1] at 8, 9.  Petitioner seeks

"an expedited order commanding that [he] be immediately transferred to home confinement."

*Id*. at 9.

II.     Discussion

Under Rule 4 of the *Rules Governing Section 2254 Cases,* the Court may sua sponte

dismiss a habeas corpus petition if it appears from the face of the petition that petitioner is not

entitled to relief. [1]  *See, e.g.*, *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming

---

[1] "A district court may apply any or all of the rules governing § 2254 habeas petitions to those cases filed pursuant to § 2241." *Reyes-Gonzalez v. Driver*, No. C-05-248, 2005 WL 1669830, at *2 (S.D. Tex. July 18, 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

dismissal of § 2241 petition without ordering an answer from respondent). For the reasons below, this Petition is dismissed without requiring an answer from the Respondents.

The Fifth Circuit has addressed this same issue and found that a federal inmate's request for transfer to a halfway house or home confinement is not available in a habeas corpus petition. *Maxwell v. Thomas*, 133 F.4th 453 (5th Cir. 2025). In doing so, the Court reiterated that "a habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is the 'proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'" *Id.* at 454 (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)). "The bright-line rule" of the Fifth Circuit "is that if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit." *Id.* (citation modified).

Here, Petitioner does not seek a speedier release from custody; rather, he seeks a transfer to home confinement. Because "transfer to a halfway house or home confinement" "would not entitle Petitioner to accelerated release," a petition under § 2241 "is not the proper vehicle." *Id.* Because Petitioner seeks relief that is not available in a habeas corpus petition, this § 2241 Petition will be dismissed without prejudice. *See id.*; *see also, e.g.*, *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) ("The district court correctly dismissed [Section 2241] claims without prejudice based on a determination that [the petitioner] must seek such remedies in a civil rights action."); *Botero v. Withers*, No. 3:21-cv-110, 2021 WL 2456584, at * 2 (S.D. Miss. June 15, 2021) ("Rather than liberally construe this action as a civil rights case and assume that Botero is inclined to pay the fees associated with filing a civil rights case, the Court will

2

dismiss this action without prejudice.").

III.    Conclusion

**IT IS THEREFORE ORDERED** that this Petition for a Writ of Habeas Corpus under

28 U.S.C. § 2241 is dismissed without prejudice.  A final judgment in accordance with this Order

of Dismissal will issue.[2]

SO ORDERED AND ADJUDGED, this the 29th day of April, 2026.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

---

[2]A certificate of appealability is not required for a federal inmate to appeal the denial of relief under 28 U.S.C.
§ 2241.  *See Ojo v. Immigr. & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997).