TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

----------------------------------------------------------------------------------

FROM: 10579062
TO:
SUBJECT: Motion for reconsideration of order of dismissal
DATE: 05/21/2026 07:52:08 AM

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 26 2026

ARTHUR JOHNSTON
BY          DEPUTY

\*     IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OSCAR STILLEY, BOP # 10579-062               PETITIONER

V.       CASE NO 3:26-CV-145-HTW-LGI

WARDEN R. KEYES, ET AL                RESPONDENTS

PETITIONER'S VERIFIED MOTION FOR RECONSIDERATION OF ORDER OF DISMISSAL WITHOUT PREJUDICE

Comes now Petitioner Oscar Stilley (Stilley) and for his verified motion for reconsideration of order of dismissal without prejudice states:

1.    Stilley on 3-5-2026 filed a petition to enforce "time credits" under the First Step Act of 2018 (FSA).

2.    Stilley earned these credits as part of the compensation for his employment at the Unicor Warehouse at FCC Yazoo City.

3.    The Department of Justice-Federal Bureau of Prisons (DOJ-FBOP) has never contested the fact that Stilley earned these time credits, or that he was entitled to use those time credits for release to home confinement, or that the current amount of time credits is more than sufficient for the remaining time Stilley must spend in custody.

4.    On information and belief, one or more of Stilley's political enemies made phone calls and/or other contacts to lawlessly threaten or intimidate key DOJ-FBOP personnel, to prevent Stilley's time credits from being applied to reduced security confinement in compliance with the law.

5.    On information and belief, this lawlessness was merely a continuation of other lawlessness set forth in Stilley's petition, for example expelling Stilley from the Law Library at Cimarron Correctional Facility (Cimarron) for a period of time, then permanently barring Stilley from the Cimarron Law Library, sending Stilley to Green County Jail in Springfield, Missouri, where he was kept in solitary confinement until after close of business on the day of the first deadline for filing Stilley's opening brief in his one direct criminal appeal, etc.

6.    Contrary to the District Court's erroneous conclusions, denial of release to home confinement (however denominated) does in fact extend the time Stilley must spend in custody.

7.    Specifically but without limitation, if Stilley got the relief sought, he could file a petition for declaratory judgment that his Arkansas voter registration is valid because the federal judgments against him are void. Stilley could serve pleadings and discovery analogous to those deceitfully dodged by five of the best lawyers in the Arkansas Attorney General's office. The County Clerk would be unable to deny Stilley's claims, (not that the Honorable County Clerk would want to commit such counterproductive evil) for all the same reasons the Arkansas Attorney General DEFAULTED on Stilley's two motions to suppress the original and first revocation judgments, and furthermore would be unable to dodge Stilley's discovery as was done by the Arkansas Secretary of State in Arkansas Supreme Court 24-453.

8.    The SUA SPONTE dismissal of Stilley's petition disregards the fact that any HONEST US Attorney, or Assistant US Attorney, would directly or indirectly confess the merits of Stilley's 2241 petition, and instruct the proper DOJ-FBOP personnel in no uncertain terms that Stilley must be released to home confinement POSTHASTE.

9.    The SUA SPONTE dismissal of Stilley's petition contravenes authorities requiring the issuance of a "show cause" order that would give Stilley a chance to show cause why his petition should be served on the US Attorney for the Southern District of Mississippi, with instructions for him to respond by a specified date. Failure to issue a "show cause" order with respect to a material issue deprives Stilley of due process, which is never "harmless error."

10.    None of the authorities relied upon by the District Court, to conclude that Stilley's 2241 petition is the wrong vehicle for

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

------------------------------------------------------------------------------------------------

enforcement of FSA time credits, are actually lawful and binding precedent in the 5th Circuit for the stated propositions.

11.    The SUA SPONTE dismissal violates the principle of "party presentation."

12.    Stilley is seeking reinstatement of his complaint, along with service and an order commanding Respondent to make an expedited response by a date certain. If the Respondent attacks 2241 jurisdiction, Stilley respectfully requests and claims the right to brief the Court on the basis of the arguments and authorities presented by Respondent.

13.    Petitioner submits with this motion a consolidated brief in support.

WHEREFORE, Petitioner Stilley requests that the SUA SPONTE order of dismissal be set aside, and that the proper representatives of Respondents be ordered to respond to the petition within 7 days of the Court's order; and for such other and further relief as may be appropriate whether or not specifically requested.

VERIFICATION

Oscar Stilley by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing statements are true and correct.

By: _____    5-21-2026
Oscar Stilley 10579-062                 Date
FCC Yazoo City Low
PO Box 5000
Yazoo City, MS 39194-5000

PRISON MAILBOX RULE CERTIFICATE OF SERVICE

Petitioner Oscar Stilley by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date stated above he placed a copy of this pleading in the prison outgoing mail receptacle, with sufficient 1st Class US Postage attached, addressed to the clerk of the Court for filing and service via CM/ECF. There is no legal mail system at this prison. Petitioner claims the benefit of the prison mailbox rule.

Pg. 2