TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

--------------------------------------------------------------------------------

FROM: 10579062
TO:
SUBJECT: MSSD Mtn release pending decision
DATE: 06/08/2026 07:31:03 PM

\*      IN THE US DISTRICT COURT FOR THE
        SOUTHERN DISTRICT OF MISSISSIPPI
        NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

OSCAR STILLEY 10579-062                      PETITIONER          JUN 11 2026

V.         CASE NO. CIV. 3:26-CV-145-HTW-LGI                     ARTHUR JOHNSTON
                                                              BY          DEPUTY

WARDEN R. KEYES, ET AL                       RESPONDENTS

        BRIEF IN SUPPORT OF MOTION FOR RELEASE PENDING THE DECISION ON HIS
        MOTION UNDER 28 USC 2255 OR 2241, WHICHEVER COMES LAST

Comes now Petitioner Oscar Stilley (Stilley) and for his brief states:

Stilley attempted to file the motion for release pending decision on 5-21-2026. For some reason it doesn't show up on the docket. However, all is well that ends well, since Stilley is now able to more fully inform the Court of facts that support an order of release pending the conclusion of habeas litigation.

A release pending the determination of a habeas action is part of the inherent power of the court. Pfaff v. Wells, 648 F2s 689, 693 (10th Cir. 1981). Release does require "...a showing of exceptional circumstances... or a demonstration of a clear case on the merits of the habeas petition." Id.

Stilley has an INCONTROVERTIBLE case on the merits. The fact that he earned First Step Act of 2018 (FSA) "time credits" sufficient for immediate release to home confinement is undisputed. That fact was reduced to writing by the Department of Justice-Federal Bureau of Prisons (DOJ-FBOP) staff.  Nobody contends, or could rationally contend, that Stilley has failed to allege all facts necessary to show his entitlement to relief. In fact various personnel at this prison have tried, unsuccessfully, to solve the problem and get Stilley to home confinement.

This Court relied upon Maxwell v. Thomas, 133 F.4th 453 (5th Cir. 2025) for the proposition that the enforcement of FSA time credits is not cognizable in habeas. However, on June 1, 2026, the US Supreme Court in case number 25-5930 granted certiorari in Maxwell, on this question:

        Whether a claim regarding application of time credits under the First Step Act of 2018,
        132 Stat. 5195-5208, (codified in relevant part at 18 USC 3631-3635), seeking accelerated
        transfer to a halfway house or home confinement, can be brought in a habeas petition
        under 28 USC 2241.

Stilley's Good Conduct Time (GCT) release date is 7-23-2026. It is plain that the US Supreme Court case cannot be litigated in that period of time. Furthermore, Stilley also has a 2255 petition, that could require his full immediate release and total exoneration. Since both the 2255 and the 2241 are pending, it remains at this time undecided as to whether Stilley owes the government 1) 45 days in home confinement, or 2) 45 days in this federal prison camp, or 3) no more incarceration at all. Stilley of course argues that he owes nothing at all, but emphatically states that if he is ordered back to prison, he will certainly comply.

        CONCLUSION

Fundamental fairness requires that Stilley be released pending the conclusion of his habeas litigation.

\*

By: _____          06-8-2026
Oscar Stilley 10579-062                  Date
FCC Yazoo City Camp
PO Box 5000

TRULINCS  10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

------------------------------------------------------------------------------------------------

Yazoo City, MS 39194-5000

PRISON MAILBOX RULE CERTIFICATE OF SERVICE

Petitioner Oscar Stilley by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date stated above he placed a copy of this pleading in the  prison outgoing mail receptacle, with sufficient 1st class postage attached, addressed to the clerk for filing and service via CM/ECF. This prison does not have an outgoing legal mail system. Petitioner claims the benefit of the prison mailbox rule.