IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OSCAR STILLEY, #10579-062 PETITIONER

V. CIVIL NO. 3:26-cv-145-HTW-LGI

WARDEN R. KEYES, WARDEN B. WINGFIELD,
WARDEN R. CHILDRESS, AND WARDEN
UNKNOWN TURNER RESPONDENTS

ORDER DENYING PETITIONER'S MOTION [6] TO RECONSIDER

This habeas corpus case is before the Court on pro se Petitioner Oscar Stilley's Motion [6] for reconsideration of dismissal that the Court liberally construes as a Motion to Alter or Amend a Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Stilley moves the Court to reconsider the Order of Dismissal [3] and Final Judgment [4] dismissing, without prejudice, his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. For the following reasons, Stilley's motion is denied.

I. Background

Pro se Petitioner Oscar Stilley filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 as a post-conviction inmate incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. Stilley argued he had earned prerelease custody under the First Step Act and the Second Chance Act, but was improperly turned down for halfway house placement. Stilley requested "an expedited order commanding" his immediate transfer to "home confinement." Order of Dismissal [3] at 1. Because transfer to home confinement or halfway house placement is not a form of relief that is available in a habeas corpus petition, the Court dismissed this civil action, without prejudice. *Id*. at 2 (citing *Maxwell v. Thomas*, 133 F.4th 453 (5th Cir. 2025)).

II. Discussion

The Court must liberally construe Stilley's filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reiterating that a document filed pro se is "to be liberally construed"). Federal Rule of Civil Procedure 59(e) permits a habeas petitioner to request that a district court reconsider a judgment within 28 days from the entry of that judgment. *Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020); Fed. R. Civ. P. 59(e). The Court therefore construes Stilley's Motion [6] as a Motion to Alter or Amend a Judgment under Rule 59(e). *See Hernandez v. Thaler*, 630 F.3d 420, 426-28 (5th Cir. 2011) (finding pro se prisoner's filing should be construed as motion for relief from judgment rather than second habeas petition).

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot raise issues that could, and should, have been made before the judgment issued." *Kapordelis v. Myers*, 16 F.4th 1195, 1202 (5th Cir. 2021) (quotation omitted); *see also Wease v. Ocwen Loan Servicing, L.L.C.*, 852 F. App'x 807, 809 (5th Cir. 2021) (defining "manifest error" in consideration of Rule 59(e) motion as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law") (quotation omitted)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

In his Motion [6] for reconsideration Stilley claims that it is undisputed that he earned "time credits" under the First Step Act and he was "entitled to use those time credits for release to home confinement." Mot. [6] at 1. Stilley argues the Court's sua sponte dismissal was improper because he believes the attorney for Respondents would have confessed the merits of his § 2241 Petition and ordered prison officials to transfer him to home confinement for the remainder of his sentence.

Stilley fails to assert any arguments demonstrating a plain and indisputable error by the Court or a disregard of the controlling law. He seeks reconsideration of the Court's decision but fails to establish manifest error or present newly discovered evidence, or assert any arguments that were not previously available to him. Therefore, Stilley fails to satisfy the requirements for obtaining relief under Rule 59(e).

III. Conclusion

The Court has considered the pleadings and applicable law. For the foregoing reasons, Stilley's motion for reconsideration under Rule 59(e) will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that pro se Petitioner Oscar Stilley's Motion [6] to Alter or Amend a Judgment under Rule 59(e) is **DENIED**.

**SO ORDERED**, this the 9th day of October, 2026.

/s/HENRY T.WINGATE
UNITED STATES DISTRICT JUDGE